IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Branch Banking and Trust Company,  :
:
        Plaintiff,  :
:
  v.  :  CIVIL ACTION NO.
:  3:10-cv-00054-JOF
Lichty Bros. Construction, Inc., et al.,  :
:
        Defendants.  :

**OPINION & ORDER**

This matter is before the court on Plaintiff's Motion to Dismiss [15] and Plaintiff's Second Motion to Dismiss [23].

Plaintiff filed the present case on May 5, 2010, and filed an Amended Complaint on May 12, 2010, asserting multiple claims for breach of contract. Defendants, Lichty Bros. Construction, Inc., Galen Lichty, and Daniel Lichty, are in the construction business. Defendant Lichty Bros. Construction and Plaintiff Branch Banking and Trust Company ("BB&T") entered into several promissory notes in 2006 and 2007. Six specific notes are at the heart of this dispute, and the Amended Complaint refers to them as Note 7, Note 8, Note 10, Note 12, Note 13, and Note 14 ("Notes"). The Notes were secured by certain real estate. Both individual Defendants, Galen and Daniel Lichty, each signed two personal guaranties, guaranteeing payment on the aforementioned Notes. The Amended Complaint

alleges that the Notes have become due and payable, and Plaintiff brought this suit to enforce payment.

Defendants filed an Answer to the Amended Complaint containing several counterclaims. Those counterclaims include failure to mitigate damages, breach of the duty of good faith and fair dealing, tortious misfeasance in performance of a contractual duty, setoff and/or recoupment, and attorney's fees. Plaintiff filed its First Motion to Dismiss all of the counterclaims. In conjunction with their response to Plaintiff's First Motion to Dismiss, Defendants filed an Amended Answer, containing the same counterclaims addressed above, but containing more factual allegations. Plaintiff filed a Second Motion to Dismiss addressing the Amended Answer, again contending that all of Defendants' counterclaims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

Pursuant to Rule 12(b)(6), a complaint may be dismissed where it does not "state a claim upon which relief can be granted." The court must accept all factual allegations in the complaint, or in this case, answer, as true and construe all reasonable inferences in the light most favorable to the non-movant. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n. 1

---

[1] As Defendants filed an Amended Answer, the Amended Answer supersedes their original Answer, thereby making Plaintiff's First Motion to Dismiss moot. However, the court recognizes that the arguments made in Plaintiff's First Motion to Dismiss are still pertinent to a review of the Amended Answer, and therefore, the court has reviewed and considered those arguments. Additionally, the court notes that the parties spent a lot of time and effort arguing over whether Defendants have waived the right to a jury trial in this case, but as that issue is not relevant to the present motions, the court declines to address it.

2

(11th Cir. 1999). The following facts are taken from the Amended Answer and assumed to be true for the purposes of this Order. "Between March and October 2006[,] Lichty Bros. entered into six (6) promissory notes between Lichty Bros. and BB&T." Amended Answer, ¶ 95. "The Notes were secured by Georgia deeds to secure debt (each having powers of sale on the properties) under which legal title to the real estate was transferred to BB&T. Lichtys could not sell the property without the consent of BB&T." *Id*. at ¶ 103. "The Notes and Georgia deeds to secure debt[] were secured by thirty-six (36) properties in Summerlin Subdivision, two (2) properties in Woodland Subdivision and two (2) properties in Bellemeade Subdivision. Ten of the Summerlin properties were sold and one (1) of the Bellemeade properties were sold." *Id*. at ¶ 104. The Bellemeade property that did not sell was the security for Note 10. *Id*. at ¶ 105.

Each Note was "paid and satisfied by renewal," and all of the Notes were renewed a few times between March 2006 and December 2009. Amended Answer, at ¶ 111. Then, in December 2009, Plaintiff refused to renew any of the Notes. *Id*. at ¶ 112. "In an effort to mitigate their damages, Lichty Bros. attempted to bring the Note for the Woodland Subdivisions current and pay three (3) months worth of interest in advance," but Plaintiff refused the offer. *Id*. at ¶¶ 113-14. Plaintiff informed Defendants that all of the Notes had to be brought current, or none could be. *Id*. at ¶ 115. The unsold Bellemeade property "was deteriorating in value from $370,000.00," and the Note on that property came due with a

AO 72A
(Rev.8/82)

balance of $369,000. *Id*. at *¶* 116. Defendants had a contract offer of $320,000 on the Bellemeade property, under which the Lichtys would have provided $10,000 worth of appliances at their own expense. *Id*. at ¶ 117. This would have left the balance on that Note at $50,000, but Plaintiff refused to release its deed unless Defendants would sign an additional unsecured note for $91,000. *Id*. at ¶¶ 117-18. Defendants allege that Plaintiff "failed and refused to reasonably cooperate in the mitigation of BB&T's damages by releasing BB&T's deeds to secure debt and otherwise cooperate to allow [the] Lichtys to sell properties . . . [h]eld by BB&T and has not itself taken any action to sell property." *Id*. at ¶ 122. Defendants further argue that "BB&T has unreasonably held hostage, in a rapidly deteriorating real estate market, properties to which BB&T holds title, without giving [the] Lichtys any credit for the value of those properties, while at the same time refusing commercially reasonable offers to sell the properties for application to the Lichtys' debt." *Id*. at ¶ 123.

Out of these facts, Defendants assert counterclaims for failure to mitigate damages, breach of the duty of good faith and fair dealing, tortious misfeasance in performance of a contractual duty, setoff and/or recoupment, and attorney's fees. Plaintiff asserts that all of Defendants' counterclaims should be dismissed because Defendants are essentially arguing that Plaintiff failed to foreclose on the properties prior to bringing suit, and Plaintiff contends that Georgia law precludes such claims. As to Defendants' claim for failure to

4

mitigate damages, Plaintiff argues that this is an affirmative defense, not a counterclaim. Plaintiff further contends that it has no duty to mitigate because Defendants' had an absolute duty to pay, and Defendants waived their right to assert a defense for failure to mitigate. In return, Defendants argue that Plaintiff misconstrues the basis for Defendants' claims, and Defendants' claim for failure to mitigate damages is not barred by Georgia law nor did they waive their right to pursue such a claim.

The court first notes that although Plaintiff repeatedly argues that Defendants are essentially alleging that Plaintiff had a duty to foreclose upon its collateral before seeking a judgment, a reading of Defendants' Amended Answer shows otherwise. It appears from the Amended Complaint that Defendants are not asserting, or at least not only asserting, that Plaintiff had a duty to foreclose on the collateral. Defendants are arguing that they attempted to lessen the amounts due on the Notes by selling the collateral at commercially reasonable prices, and Plaintiff unreasonably refused to allow Defendants to do so. While the court declines to determine the merits of these theories as a whole, the court does not agree with Plaintiff's reading of Defendants' Amended Answer.  To the extent that Defendants are in fact alleging that Plaintiff had a duty to foreclose before suing on the Notes, Georgia law makes it clear that Plaintiff had no such duty. *REL Dev., Inc. v. Branch Banking & Trust Co.*, 305 Ga. App. 429, 431 (2010) (noting that it is well-established under Georgia law that "[t]he holder of a note who is also the grantee in a deed to secure the indebtedness of the

5

note is not forced to exercise the power of sale in the deed. He may sue on the note or exercise the power of sale.").

The court notes that the argument relating to the election between suit and foreclosure is the only argument Plaintiff made with respect to "all" of Defendants' counterclaims, and the only argument made in Plaintiff's First Motion to Dismiss. The remaining arguments by Plaintiff focus solely on Defendants' counterclaim for failure to mitigate, and unlike the claim for failure to mitigate, Plaintiff does not specifically address Defendants' counterclaims for breach of the duty of good faith and fair dealing, tortious misfeasance in performance of a contractual duty, setoff and/or recoupment, or attorney's fees. As Plaintiff has offered no other arguments regarding those claims, other than the aforementioned foreclosure argument, the court declines to address them further. The court now turns to the parties' arguments surrounding the failure to mitigate damages.

In support of their counterclaim, Defendants rely on O.C.G.A. § 13-6-5,[2] which states, "[w]here by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." Despite Defendants' contention otherwise, the failure to mitigate damages pursuant to O.C.G.A. § 13-6-5 is an affirmative defense to a breach of contract claim. *Norris v. Johnson*, 209 Ga. 293, 296-97

---

[2] There is no allegation by Defendants in their Amended Answer that Plaintiff had some contractual duty to mitigate damages or to accept Defendants' proposition to sell the underlying collateral. Their claim for mitigation of damages appears to rely solely on O.C.G.A. § 13-6-5.

6

(1952) (citing the previous but equivalent statute to O.C.G.A. § 13-6-5 and stating that "the provisions of this Code section can be invoked only by way of defense . . . ."). Georgia courts have treated the failure to mitigate damages as a defense, and courts applying Georgia law have done the same. *See, e.g., Am. Exp. Travel Related Servs. Co., Inc. v. Web, Inc.*, 261 Ga. 480, 482 (1991); *Lamb v. Decatur Fed. Sav. & Loan Ass'n*, 201 Ga. App. 583, 587 (1991); *In re Reynolds*, No. 0A5-62347-MHM, 2006 WL 6592050, *2 (Bkrtcy. N.D. Ga. Apr. 6, 2006); *Carolina Cas. Ins. Co. v. R.L. Brown & Assocs., Inc.*, No. 1:04-cv-3537-GET, 2008 WL 187516, *4 (N.D. Ga. Jan. 18, 2008) (Tidwell, J.). As such, Defendants' counterclaim for failure to mitigate is properly asserted as an affirmative defense. Normally, the court should simply treat an improperly labeled counterclaim as an affirmative defense, despite the incorrect designation. Fed. R. Civ. P. 8(c)(2). However, the court notes that Defendants have already pled the failure to mitigate damages as a defense, in addition to their counterclaim, and as such, there is no need to treat the counterclaim as an affirmative defense. Consequently, Defendants' counterclaim for failure to mitigate damages is due to be dismissed.

Although Defendants asserted a defense of failure to mitigate damages, in addition to their counterclaim for failure to mitigate damages, Plaintiff has not moved to strike Defendants' defense. The court notes that pursuant to Rule 12(f), the court may, on its own, strike any defenses that are immaterial or insufficient as a matter of law. Fed. R. Civ. P.

7

12(f). As the parties have already briefed the issue of whether Defendants' counterclaim for failure to mitigate fails as a matter of law, the court finds it prudent to address whether Defendants' affirmative defense for the same also fails as a matter of law.

Again, Defendants rely on O.C.G.A. § 13-6-5 in support of their failure to mitigate defense. However, "[t]he rule [in O.C.G.A. § 13-6-5] requiring the plaintiff to protect himself from loss arising from breach of a contract is not applicable where there is an absolute promise to pay . . . ." *Victory Sign Indus., Ltd. v. Potter*, 208 Ga. App. 570, 571 (1993) (citing *Reid v. Whisenant,* 161 Ga. 503, 510 (1926)). *See also J.C. Penney Cas. Ins. Co. v. Woodard,* 190 Ga. App. 727, 729 (1989); *Haley v. Oaks Apartments, Ltd.,* 173 Ga. App. 44, 46 (1984). Plaintiff asserts that the six Notes in question constitute absolute promises to pay, and therefore, Plaintiff had no duty to mitigate as a matter of law. Defendants argue that no Georgia court has applied the absolute promise to pay rule to the holder of a promissory note, although Defendants do note that the rule has been applied to "a buyer taking title subject to indebtedness securing other property, an insured, a real estate agent, a credit card issuer, [and] a claimant under a breach of warranty, including a breach of warranty of title." Docket Entry [24-1], 10-11 (citing Georgia cases). Defendants, however, do not cite any case law stating that the absolute promise to pay rule does not apply to the holder of a promissory note, nor do Defendants argue that the Notes in the present case are not absolute promises to pay. Instead, they continue to allege that because

8

Plaintiff controlled the collateral, and Defendants presented a contract to purchase the collateral and have the proceeds apply to the relevant Note, that Plaintiff was unreasonable in refusing to allow the collateral to be sold.

Georgia courts have defined promissory notes as "unconditional contract[s] whereby the maker engages that he will pay the instrument according to its tenor." *Bentley v. Nat'l Bank of Walton County*, 175 Ga. App. 732, 733 (1985). *See also Devin Lamplighter, Ltd. v. Am. Gen. Fin., Inc.*, 206 Ga. App. 747 (1992). Defendants, in their Amended Answer, have admitted that Defendant Lichty Bros. executed each Note that Plaintiff brings suit on, and furthermore, that Plaintiff has attached a true and correct copy of each original Note to the Complaint. Defendant Galen Lichty and Defendant Daniel Lichty further admit that they executed two personal Guaranties each, guaranteeing payment of the Notes upon which Plaintiff has sued, and that true copies of the Guaranties are attached to the Complaint. The court has indeed been unable to find a Georgia case that addresses the issue of mitigation of damages in a situation like the present one.[3] However, the court has read and considered the Notes and Guaranties attached to the Complaint, and a review of each Note shows that they appear to constitute absolute promises to pay on behalf of Defendant Lichty Bros. and each Guaranty constitutes an absolute promise to pay on behalf of the individual

---

[3]The court found a case in which one Georgia court has explicitly declined to "reach the question of whether, when a creditor has power of sale, it must exercise that power to mitigate its damages" because the record contained no security deed that granted power of sale. *Cohen v. Cmty. Bank of the South*, 301 Ga. App. 209, 210 (2009).

9

Defendants.[4] As such, the court finds that Plaintiff had no duty to mitigate pursuant to O.C.G.A. § 13-6-5, and Defendants' affirmative defense relying on such a duty is stricken pursuant to Rule 12(f).

Plaintiff's Motion to Dismiss is DENIED AS MOOT [15] and Plaintiff's Second Motion to Dismiss is GRANTED [23].

**IT IS SO ORDERED** this 10th day of March 2011.

/s/   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Although Defendants argue there is no Georgia case law explicitly stating that the absolute promise to pay rule applies to promissory note holders, the court finds it untenable that Georgia law would allow the holder of a note, who also holds a deed to secure indebtedness of the note, to either foreclose on the secured property or to institute suit on the note or both simultaneously, but would then require that the holder who chose to bring suit must sell the underlying secured property in an effort to mitigate its damages. *Cf Sadler v. Trust Co. Bank of South Georgia, N.A.*, 178 Ga. App. 871, 873 (Ga. App. 1986) ("As . . . the bank was under no duty to appellant to proceed against the collateral to collect payment on the note. It thus can be fairly inferred that the bank had no obligation to mitigate its damages in relation to the collateral.").

AO 72A
(Rev.8/82)